LEAR, Judge.
Plaintiff, E. D. Haber Heating and Air Conditioning, Incorporated, recorded a lien claim in the mortgage records of St. Tammany Parish against the property of defendant, Herbert Koppenol, alleging failure to pay the balance due on a contract to provide and install a central heating and air conditioning system in a house owned by defendant. Plaintiff then filed this civil action seeking recovery of the balance due under the contract.
Defendant filed an answer and reconven-tional demand, requesting cancellation of the lien plus damages and attorney fees and, alternatively, a reduction of the sales price of the system. At the time suit was filed, defendant’s house (and the air system) had been destroyed by fire.
After trial on the merits, judgment was rendered in favor of plaintiff for $280, representing the balanced owed under the contract less the value of the system at the time of its destruction. The judgment also ordered cancellation of the lien. The trial court otherwise denied the reconventional demands of defendant.
Defendant then perfected the instant appeal. He assigns two specifications of error: 1) failure to award damages and attorney fees under Louisiana Revised Statutes 9:4851 et seq.; and 2) failure to award attorney fees under Louisiana Revised Statute 9:4821. These are the sole issues presented on appeal.
The record reveals that defendant moved an old house onto a parcel of property owned by him. He and his family did not move into the house. Indeed, it appears that the house was in very bad condition.
Defendant proceeded to remodel the house in August of 1977. He did most of the work himself but orally contracted with plaintiff to provide and install a central air system. An electrical system was agreed upon, with the understanding that plaintiff would replace it with a gas system if defendant was not satisfied with the electrical one.
The rough-in work on the air system was completed in September of 1977. Defendant paid plaintiff 60% of the contract price at that time, leaving a balance of $880 to be paid upon completion of the work.
Defendant and his family eventually moved into the house in November of 1977. Although defendant testified that plaintiff did not begin work on the air system until after defendant and his family moved into the house, plaintiff’s invoice for the rough-in work, dated September 15, 1977, indicates otherwise. When questioned about this invoice at trial, defendant did not contest it's validity. Moreover, defendant’s wife testified that the work done by plaintiff shortly after the family took occupancy was to turn-on the heat, not to rough-in the system. Hence, it is clear that the contract was entered into and work on the system was begun well in advance of the time defendant first occupied the house.
Shortly after defendant took occupancy, he began complaining that the electrical system did not properly heat the house and was too expensive to operate. He asked plaintiff to replace it with a gas system, in accordance with their agreement. However, plaintiff never did so.
Plaintiff completed work on the system in May of 1978. Defendant did not remit the $880 balance due under the contract. Plaintiff then filed the lien claim against defendant’s property. However, plaintiff had never provided defendant with the Notice of Lien Rights required by Louisiana Revised Statute 9:4852.
Defendant owned several parcels of property on the same road. The lien claim recorded by plaintiff was filed against the wrong parcel of property, not the one upon which the house was situated. Although defendant twice notified plaintiff that the lien should be cancelled as invalid, the reasons given by defendant did not include the fact that the lien had been filed against the *490 wrong property. Instead, defendant noted as reasons for cancellation that plaintiff had failed to fulfill his contractual obligations and that the air system was defective.
Although the trial court found that no Notice of Lien Rights had been given to defendant and that the lien had been filed against the wrong property, it refused to award defendant damages or attorney fees. In this respect, the trial court first found that defendant’s house was new construction from the ground up, to which Louisiana Revised Statutes 9:4851, et seq., are inapplicable. Secondly, the trial court found that attorney fees were not warranted under Louisiana Revised Statute 9:4821 because defendant did not state in his notice as a reason for cancellation of the lien the fact that it had been filed against the wrong property.
Louisiana Revised Statutes 9:4851 et seq., constitutes the Residential Truth in Construction Act. As its name implies, the act is applicable to all “residential home improvements”, i.e. “all improvements or construction which enhance the value or enjoyment of any real property occupied by the owner thereof principally as a single-family dwelling or residence . . .. ” (Emphasis added.) La.R.S. 9:4851 A and B.
The act requires contractors to provide owners with a Notice of Lien Rights prior to or upon entering into a contract for residential home improvements. La.R.S. 9:4852. If a lien is perfected and the contractor has failed to provide the required notice, the owner has a civil cause of action therefor and is entitled to reasonable damages and attorney fees. La.R.S. 9:4855.
Although we note that the trial court was clearly wrong in finding that the house in question was new construction from the ground up, we nevertheless must conclude that the act is inapplicable for another reason, under the facts of this case. The act requires the contractor to give the owner the Notice of Lien Rights prior to or upon entering the contract for home improvements of an occupied residence. The record clearly reveals that, at the time the contract herein was entered and even at the time the rough-in work thereunder was completed, defendant did not occupy the house. Hence, plaintiff was under no obligation to give defendant the Notice of Lien Rights; and his failure to do so is not a basis for an award of attorney fees under the act.
Neither do we find that defendant is entitled to attorney fees under Louisiana Revised Statute 9:4821, which provides for recovery of attorney fees if the owner is successful in obtaining cancellation of a lien. Under this statute, the owner must fulfill two requirements: 1) send by certified mail a request to the claimant for cancellation, stating the reason why the lien is invalid; and 2) if not cancelled within thirty days after receipt of the request, show that refusal to cancel the lien was arbitrary, capricious, and unreasonable.
As previously stated, defendant did send plaintiff a request to cancel the lien. However, the reasons given therefor were breach of contract and defective workmanship. Although the trial court did find that plaintiff had failed to replace the electric air system with a gas one as agreed by the parties, it ordered only a reduction of the contract price equal to the value of the system at the time of its destruction by fire. Plaintiff was still found to be entitled to a partial recovery on his lien claim, and defendant does not question on appeal that portion of the trial court’s judgment.
The lien was not invalid and defendant’s refusal to cancel it was not arbitrary, capricious, and unreasonable for either reason stated in defendant’s request for cancellation. Rather, the lien was improper because it had been recorded against property upon which the house was not situated, a reason not given by defendant in his cancellation request.
Louisiana Revised Statute 9:4821 specifically requires that the request for cancellation state “the reason why the lien is invalid.” Having failed to do so, defendant is not entitled to recovery of attorney fees under that statute.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of *491 appeal are assessed against defendant-appellant.
AFFIRMED.